# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-60084
Summary Calendar

PRE-PAID LEGAL SERVICES INC.

Plaintiff - Appellant

V.

GILMER LAW FIRM; BARRY W. GILMER

Defendants-Appellees

Appeal from the United States Southern District of Mississippi
No. 3:05 - CV - 23

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Pre-Paid Legal Services, Inc. ("Pre-Paid") challenges the district court's dismissal of its suit as a matter of law at the close of the evidence. We affirm.

### I.

Pre-Paid operates a marketing firm which sells policies of legal insurance (intended to provide attorney services to holders of such policies). Appellees Barry Gilmer and Gilmer Law Firm (collectively, "Gilmer") consist of an attorney

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his law firm who solicited persons throughout Mississippi through the use of newspaper advertisements to engage in discussions regarding possible litigation against Pre-Paid based on these policies of legal insurance.[1] Gilmer entered into contracts of employment with 432 people who contacted it in response to the newspaper advertisements and filed nine lawsuits against Pre-Paid on their behalf. As a result, Pre-Paid brought suit against Gilmer alleging a violation of the Mississippi Deceptive Advertising Act, MISS. CODE ANN. §97-23-3 (1962),[2] and for tortious interference with a business relationship. Pre-Paid argued that the advertisement was false and misleading because there is no "collective action" or class action recognized in Mississippi.

Pre-Paid alleges that Gilmer is liable for attorneys' fees of approximately $2.5 million it paid to the Brunini Law Firm to defend these suits. Further, Pre-Paid alleges Gilmer is liable for lost premiums due to cancellation of policies. Pre-Paid presented evidence that 163 Pre-Paid policyholders cancelled their policies after the Gilmer ads ran in the newspaper. However, plaintiffs produced no evidence establishing the reason for the cancellations. Pre-Paid argues that the cancellations were caused by the "falsity" of the Gilmer advertisements. While there is evidence that these 163 individuals did cancel their policies temporally after the ads ran, Gilmer also presented evidence from Pre-Paid's SEC filings that Pre-Paid had low policyholder retention rates to begin with:

---

[1] The advertisements stated:

ATTENTION!!! PAST AND PRESENT POLICYHOLDERS OF PRE-PAID LEGAL SERVICES, INC. IF YOU BOUGHT A POLICY OF INSURANCE FROM PRE-PAID LEGAL SERVICES, INC. OF ADA, OKLAHOMA, THAT WAS SUPPOSED TO PROVIDE THE SERVICES OF AN ATTORNEY TO YOU, THEN YOU MAY BECOME A MEMBER OF A COLLECTIVE ACTION LAWSUIT FOR THE RECOVERY OF MONEY DAMAGES. For a free consultation, please call: GILMER LAW FIRM, P.A.

[2] The Act creates a private right of action in tort for a violation of this criminal statute for damages proximately resulting from a violation thereof. MISS. CODE ANN. §97-23-3

2

within the first year, 46.63% of Pre-Paid's customers cancel their policies; by year two, at least 63% cancel; by the third year, at least 71% cancel; and by year four, 77% cancel.

Gilmer moved for Judgment as a Matter of Law at the close of all the evidence as to both causes of action — under the Mississippi Deceptive Advertising Act and for tortious interference with a business relationship. The district court granted Gilmer's motion explaining that (1) Pre-Paid failed to prove that the public was misled by the language used in the advertisements, (2) that Pre-Paid's expert in the case testified that she would not expect the public to know the difference between class actions and Mississippi Rule 20 joinders, thus the use of the term "collective action" was a mere "technical error," not actionable under Mississippi precedent construing the Deceptive Advertising Act, (3) there was insufficient proof of a causal relationship between the use of the allegedly misleading term "collective action" and any damages claimed by Pre-Paid. Finally, the court explained that after considering the Deceptive Advertising Act's requirements and the jurisprudence construing the statute, Pre-Paid failed to establish a prima facie case under the statute and also failed to establish a prima facie case for tortious interference with a business relationship.

II

A.

The issue of "[w]hether the evidence presented at trial is sufficient to create an issue of fact for the jury or will permit the court to enter judgment as a matter of law is governed by federal rather than state law." Work v. Commercial Underwriters Ins. Co., 61 Fed. Appx. 120 (5th Cir. 2003) (citing Ellis v. Weasler Engineering, Inc., 258 F.3d 326, 336 (5th Cir. 2001)). Accordingly, this Court reviews de novo a district court's grant or denial of a motion for

3

judgment as a matter of law. Stokes v. Emerson Elec. Co., 217 F.3d 353, 356 (5th Cir. 2000). Judgment as a matter of law is appropriate if "there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue." Fed. R. Civ. P. 50(a); See also Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs, Inc., 293 F.3d 912, 918 (5th Cir. 2002). "In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record" and "should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150–51 (2000). "In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Id. at 150.

## B.

We agree with the district court that Pre-Paid failed to establish a prima facie case on either of the causes of action asserted. Pre-Paid's claim focuses on the use of the term "collective action" and asserts that this was false and misleading; however, no proof was offered to show any nexus between the alleged inaccuracy of the statement and any damages alleged to have been sustained. No evidence was produced tending to show that Pre-Paid customers responded to the ad because of the invitation to participate in what they were misled to believe was a class action. Therefore, even if the term "collective action" was misleading which is doubtful, no evidence was produced to establish that use of the term is what attracted the former Pre-Paid customers as clients.

We therefore agree with the district court that lack of proof of a causal connection between the use of the allegedly misleading term "collective action" and any damages sustained is fatal to both of plaintiff's causes of action.

AFFIRMED.